UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

15 CV 4621

ALEJANDRO PIANTINI

                      **Plaintiff(s)**

Vs.

CITY OF NEW YORK;
NEW YORK CITY POLICE DEPARTMENT;
FLORENCIO A. PINOS, CIVILIAN;
POLICE OFFICERS GIANFRANCO RUBINO;
AND VLADIMIR GARCIA,

                      **Defendant(s)**

DOCKET NO. _____
CIVIL RIGHTS COMPLAINT
JURY DEMAND

JUDGE TORRES

**PURSUANT TO 42 U.S.C. § 1983;**

Plaintiff(s) in the above-captioned for hereby alleges the following allegations or other factual contentions upon information and belief against Defendants, Florencio A. Pino, A Civilian, City of New York, New York city Police Department, Police Officers Gianfranco Rubino, and Po Garcia

## INTRODUCTION

1- This is a civil rights action damages for Defendant's violation of Plaintiff's rights, privileges and immunities under the United States Constitution, as amended, and the Civil Rights Act of 1871, 42 U.S.C Section 1983,

2- On September 11, 2010, Plaintiff was deprived of his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

3- Defendant's egregious misuse of a legal proceeding resulting in a constitutional deprivation.

1

## JURISDICTION AND VENUE

4. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendment to the United States Constitutional, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C §1988, and. arising under law and status of the State of New York. Jurisdiction of this Court is invoked under 28 U.S.C. § 1331, 1343(a), (3) and (4), 1376 (a), 2201, and any applicable pendent state law claims.

5.- Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

6. The acts complained of occurred in the Southern District of New York and venue is lodged in this Court pursuant to 28 U.S.C § 1391 (b).

7- That Plaintiffs has complied with their 90 days obligation by filing a Notice of Claim with the Controller Offices.

## PARTIES

8. Plaintiff ALEJANDRO PIANTINI, is a residents in Bronx County, State of New York, City of New York at the time of the events giving rise to the complaint.

9. Defendant, Florencio A. Pinos, a civilian, is an owner, officer, director, and or managing agent of M & M Parking, a domestic business entity organized under the laws of the State of New York, with a principal place of business located at 297 East 148th Street, Bronx, New York 10451, defendant Florencio A. Pino, acted intentionally and maliciously by calling the 911 phone number to report a false crime in retaliation for Plaintiff asserting his rights to recovery his unpaid wages.

10. Defendant, City of New York ("NYC"), was at all-time relevant hereto, a municipal corporation duly organized and existing under the laws of the State of New York.

11. Defendant New York City Police Department, ("NYPD") was at all-time relevant hereto, a local government agency of defendant City of New York.

12. Defendants officer GIANFRANCO RUBINO ( Shield No. 9001) was at all time pertinent to the allegations of this complaint a Police Officer and employed by defendants NYC and NYPD. He is sue individually and in his official capacity.

13. Defendant, officer VLADIMIR GARCIA ( Shield No. 25020), was at all-time pertinent to the allegations of this complaint a Police Officer and employed by defendants NYC and NYPD. He is sue individually and in his official capacity.

14. At all-time relevant to the allegations of this Complaint and in all actions of the defendants alleged, defendants were acting under color and pretense of the statutes, ordinance, regulations, customs, and usages of the City and State of New York and pursuant to their authority as police officers of the City of New York.

15. Defendant's police officers were acting pursuant to specific orders and directives from the Municipality during the scope of employment, and Municipality provided each with an official badge and identification card which designated and described its bearer as a police officer of the NYPD.

16. At all material times, defendants police officers were servant, agents and or employees of defendants City of New York and New York City Police Department, and that each defendants' acts are imputed to the municipality.

17. At all material times, defendants, separately and or in concert with other police officers, acted under color and pretense law, to wit: under color of the statutes, ordinances, regulation, customs and usage of the municipality. Said defendants, separately and or in concert, engaged in the illegal conduct mentioned herein, recklessly and with callous disregard for plaintiff's State and Constitutional rights, causing injury to plaintiff and depriving plaintiff of the rights, privilege and immunities secured to him by the law of the United States.

18. Plaintiff was not at the time of the events alleged in this complaint, or at any other time, committing any offence against the laws and ordinance of the City and County of New York or against the law and statutes of the State of New York, and defendants did not have any reasonable ground for believing that plaintiff was committing or had committed any offence.

## NOTICE OF CLAIM

19. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filling of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

20. This action was commenced within (1) one year and (90) ninety days from the date of the incident.

21. On 4/30/2013 all charges filed (under Bronx County Indictment No. 3664/2010 ) against Plaintiff were dismissed and sealed

## JURY DEMAND

22. Plaintiff demands trial by jury in this action.

## COUNT ONE

23- Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 22 above with the same force and effect as if herein set forth.

24- At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. secs. 1983, 1985, 1986, and 1988.

25. Plaintiff was unlawfully arrested by defendant's police officers without a warrant and without probable cause based on false allegation and information of Defendant, Florencio

4

A. Pino, a civilian, who acted intentionally and maliciously by calling the 911 phone number( Sept. 11, 2010 at 5:30 a.m to 7:00 a.m) to report a false crime in retaliation for Plaintiff asserting his rights to recovery his unpaid wages. This a clear violation of New York Law for falsely reporting an incident in the first degree (N.Y. PENAL LAW § 240.60).

26. Plaintiff was unlawfully arrested and removed in handcuffs against Plaintiff's will and over his protestations.

27. Plaintiff was taken into custody by defendant police officers and was transported to a holding cell and detained in a facility operated by defendant NYPD, more commonly known as the 40th Precincts Station House holding cell, located in the County of Bronx, City and State of New York.

28. Acting under the color of law, all defendants deprived Plaintiffs of rights, remedies, privileges or immunities secured by the United States Constitution or by Federal law, in violation of 42 U.S.C 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

> **(a)** By depriving Plaintiffs of their liberty without due process of law, by taking him into custody and against his will,
>
> **(b)** By conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiffs equal protection of laws,
>
> **(C)** By refusing or neglecting to prevent such deprivations and denials to plaintiffs, thereby depriving plaintiffs of there rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

29. In addition, conspired among them to deprive Plaintiffs of his constitutional rights secured by 42 U.S.C 1983 and by Fourth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

## COUNT TWO

30. The Plaintiff incorporates by reference the allegation set forth in all preceding paragraphs 1 through 29as it fully set forth herein

31. Defendants acted with the desire and intent to cause Plaintiff, emotional distress or acted under circumstances known to them which made it's substantially certain that they would cause emotional distress.

32. Defendants acted in manner as to negligently cause emotional distress to plaintiff.

33. Defendants acted with utter disregard of the consequences of their actions.

34. As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint, including intentional infliction of emotional distress.

35. As a result of the foregoing, plaintiff suffered specify and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, cost and expenses, and was otherwise damage and injured.

36. As a result of their concerted unlawful and malicious detention and confinement of Plaintiffs, Defendants deprived The Plaintiffs of his rights to his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

37. As a direct result of their unlawful and malicious detention and confinement of Plaintiff, suffered the following injuries;

**WHEREFORE**, Plaintiff demands judgment for the false detention and confinement against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount:

A- On the First Claim for Relief against the all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and cost under U.S.C § 1988 or One and a half Million Dollar

B- On the Second Claim for Relief against all Defendants, compensatory damages in an amount to be determine at trial, and punitive damages against the officers Defendants in an amount to be determined at trial and reasonable attorneys' fees and cost under U.S.C § 1988 or; One and a half Million Dollar

C- and or compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

D- Pre and post judgment cost, interest and attorneys' fees;

E- An order for the arrest of Defendant, Florencio A. Pino, for falsely reporting an incident in violation of (N.Y. PENAL LAW § 240.60).

F- To issue a Restrain Order on behalf of Plaintiff and his family member against Defendant Florencio A. Pino;

G- Declaratory judgment that Plaintiff was a victim of the crime false arrest or False Imprisonment.

H- Such other and further relief as to this Court may deem appropriate and equitable.

**Dated: June 12, 2015**
**Bronx, New York**

I declare under penalty of perjury that the above information is true to my knowledge.

ALEJANDRO PIANTINI
Pro-se
2198 Cruger Ave.
Bronx, New York 10462
646-363-3375



**THE CITY OF NEW YORK
OFFICE OF THE COMPTROLLER
CLAIMS AND ADJUDICATIONS
1 CENTRE STREET ROOM 1200
NEW YORK, N.Y. 10007-2341**

WWW.COMPTROLLER.NYC.GOV

Michael Aaronson
Chief, Bureau of Law and Adjustment

015 - 151

**John C. Liu**
COMPTROLLER

Date: 09/04/2013
Claim No: 2013PI022990
RE: Acknowledgment of Claim

ALEJANDRA PIANTINI
305 E 149 ST 2 FL
BRONX, NY 10451

Dear Claimant:

We acknowledge receipt of your claim, which has been assigned the claim number shown above. Please refer to this claim number in any correspondence or inquiry you may have with our office.

We will do our best to investigate and, if possible, settle your claim. However, if we are unable to resolve your claim, **any lawsuit against the City must be started within one year and ninety days from the date of the occurrence.**

If you have any questions regarding your claim, you may contact us at either 212-669-8750 for property damage claims or 212-669-4445 for claims involving personal injury.

Sincerely,
Michael Aaronson

SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY
265 EAST 161 STREET
BRONX, NY 10451

FEE: $10.00

CERTIFICATE OF DISPOSITION DISMISSAL

DATE: 07/02/2013

CERTIFICATE OF DISPOSITION NUMBER: 5154

PEOPLE OF THE STATE OF NEW YORK
VS.

CASE NUMBER: 03664-2010
LOWER COURT NUMBER(S): 2010BX057839
DATE OF ARREST: 09/11/2010
ARREST #: B10674709
DATE OF BIRTH: 11/22/1974
DATE FILED: 10/13/2010

PIANTINI, ALEJANDRO M

DEFENDANT

I HEREBY CERTIFY THAT IT APPEARS FROM AN EXAMINATION OF THE RECORDS ON FILE IN THIS OFFICE THAT ON 06/14/2013 THE ABOVE ACTION WAS DISMISSED AND ALL PENDING CRIMINAL CHARGES RELATED TO THIS ACTION WERE ALSO DISMISSED BY THE HONORABLE WILLIAMS, P THEN A JUDGE OF THIS COURT.

THE DEFENDANT WAS DISCHARGED FROM THE JURISDICTION OF THE COURT.

THE ABOVE MENTIONED DISMISSAL IS A TERMINATION OF THE CRIMINAL ACTION IN FAVOR OF THE ACCUSED AND PURSUANT TO SECTION 160.60 OF THE CRIMINAL PROCEDURE LAW "THE ARREST AND PROSECUTION SHALL BE DEEMED A NULLITY AND THE ACCUSED SHALL BE RESTORED, IN CONTEMPLATION OF LAW, TO THE STATUS OCCUPIED BEFORE THE ARREST AND PROSECUTION".

PURSUANT TO SECTION 160.50(1C) OF THE CRIMINAL PROCEDURE LAW, ALL OFFICIAL RECORDS AND PAPERS RELATING TO THIS CASE ARE SEALED.

IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED MY OFFICIAL SEAL ON THIS DATE 07/02/2013

COURT CLERK

SUPREME COURT OF THE STATE OF NEW YORK    FEE:$10.00
BRONX COUNTY
265 EAST 161 STREET
BRONX, NY 10451

CERTIFICATE OF DISPOSITION DISMISSAL

DATE: 07/02/2013                CERTIFICATE OF DISPOSITION NUMBER: 51549

PEOPLE OF THE STATE OF NEW YORK     CASE NUMBER:            03664-2010
         VS.                        LOWER COURT NUMBER(S):  2010BX057839
                                    DATE OF ARREST:         09/11/2010
                                    ARREST #:               B10674709
                                    DATE OF BIRTH:          11/22/1974
PIANTINI, ALEJANDRO M               DATE FILED:             10/13/2010

              DEFENDANT

I HEREBY CERTIFY THAT IT APPEARS FROM AN EXAMINATION OF THE RECORDS
ON FILE IN THIS OFFICE THAT ON 06/14/2013 THE ABOVE ACTION WAS
DISMISSED AND ALL PENDING CRIMINAL CHARGES RELATED TO
THIS ACTION WERE ALSO DISMISSED BY THE HONORABLE WILLIAMS, P   THEN
A JUDGE OF THIS COURT.

THE DEFENDANT WAS DISCHARGED FROM THE JURISDICTION OF THE COURT.

THE ABOVE MENTIONED DISMISSAL IS A TERMINATION OF THE CRIMINAL
ACTION IN FAVOR OF THE ACCUSED AND PURSUANT TO SECTION 160.60 OF
THE CRIMINAL PROCEDURE LAW "THE ARREST AND PROSECUTION SHALL BE
DEEMED A NULLITY AND THE ACCUSED SHALL BE RESTORED, IN
CONTEMPLATION OF LAW, TO THE STATUS OCCUPIED BEFORE THE ARREST
AND PROSECUTION".

PURSUANT TO SECTION 160.50(1C) OF THE CRIMINAL PROCEDURE LAW, ALL
OFFICIAL RECORDS AND PAPERS RELATING TO THIS CASE ARE SEALED.


IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED MY
OFFICIAL SEAL ON THIS DATE 07/02/2013.

                                        _____
                                              COURT CLERK

OFFICE OF THE COMPTROLLER CITY OF NEW YORK

## CLAIMANT INFORMATION          NOTICE OF CLAIM

CLAIMANT'S NAME: Alejandro Piantini          TEL. #: (646) 363-3375

STREET ADDRESS: 305 East 149th St 2nd floor

CITY: Bronx          STATE: N.Y.          ZIP: 1045

SOC. SEC. # or TAX I.D. #: 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

## CLAIM INFORMATION

CITY AGENCY INVOLVED: New York City, N.Y.P.D.

NATURE OF CLAIM: (ATTACH ADDITIONAL SHEET(S) OF PAPER, IF NECESSARY)

That on 9/11/2010 I was arrested without probable cause and detained for more than 24 hours. As a direct result I incurred more than $100,000.00 in Legal fees, Lost of Employment, Trauma, Psychological issues, mover expenses, Lost of my Vehicle, etc. On 7/2/2013 The Case was Dismissed All Charges and Discharged me from the Jurisdiction of the Court.

TOTAL AMOUNT CLAIMED: $1.6 million

IF MORE THAN ONE ITEM IS INCLUDED IN THE TOTAL AMOUNT CLAIMED, SUPPLY BREAKDOWN OF AMOUNTS AND SPECIFY ITEMS: (ATTACH ADDITIONAL SHEET(S), IF NEEDED)

| ITEM | AMOUNT |
|---|---|
| 1. False Arrest | $750,000.00 |
| 2. Malicious Prossecution | $750,000.00 |
| 3. Legal Fees, etc. | $100,000.00 |
| 4. | $ |
| 5. | $ |

PLEASE ATTACH COPIES OF SUPPORTING DOCUMENTATION, PREVIOUS CORRESPONDENCE, INVOICES, ETC.

CLAIMANT'S SIGNATURE: [signature]

STATE OF N.Y.
CITY OF N.Y.   SUBSCRIBED AND SWORN TO BEFORE ME THIS 22 DAY OF 8/22, 2013

1. False Arrest              $750,000.00
2. Molicious Prossecution    $750,000.00
3. Legal Fees, etc.          $100,000.00
4. _____    $_____
5. _____    $_____

PLEASE ATTACH COPIES OF SUPPORTING DOCUMENTATION, PREVIOUS CORRESPONDENCE, INVOICES, ETC.

CLAIMANT'S SIGNATURE: _/s/_____

SS: STATE OF N.Y.
    CITY OF N.Y.   SUBSCRIBED AND SWORN TO BEFORE ME THIS 22 DAY OF
    ___8/22_____, 20_13_
                                              _____
                                                     NOTARY

TO: OFFICE OF THE COMPTROLLER
    DIVISION OF LAW - RM.1225 South
    1 CENTRE STREET
    NEW YORK, N.Y. 10007
    TELEPHONE # (212) 669-4736

CARLOS M. DAVILA
Notary Public, State of New York
Registration #01DA5044231
Qualified in Bronx County
Commission Expires 5/22/15